```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARIO M. MIRANDA,

                          Plaintiff,              06-CV-0235-E

          v.                                      DECISION
                                                  and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Mario M. Miranda ("Plaintiff") brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Jasper J. Bede denying his application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), seeking reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner cross-moves for judgment on the pleadings pursuant to Rule 12(c), on the

---

[1] This case was transferred to the undersigned by the Honorable Richard Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated October 2, 2007.

grounds that ALJ Bede's decision was supported by substantial evidence contained in the record and was based on the correct application of appropriate legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

On December 19, 2002, Plaintiff, who was then 59 years old, filed an application for Disability Insurance Benefits. Plaintiff claimed an inability to work since January 11, 1996, due to pain in his back, feet, knees and ankles. (T. at 46, 56). Plaintiff's application was denied initially on May 22, 2003 (T. at 28-32), and he then filed a timely request for a hearing before an ALJ (T. at 33). Plaintiff appeared, with counsel, in an administrative hearing before ALJ Jasper J. Bede on August 4, 2004 in Buffalo, NY (T. at 170).

In a decision dated August 17, 2004, the ALJ found that although Plaintiff's osteoarthritis of his right knee, obesity and back disorder were severe, the Plaintiff was not disabled within the meaning of the Social Security Act ("the Act")(T. at 15-22). Plaintiff appealed that decision to the Social Security

Appeals Council ("Appeals Council") on September 23, 2004 (T. at 10).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 28, 2006 (T. at 4-6). On April 7, 2006, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520.[2] Under step one of that

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the

process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (T. at 16).

At steps two and three of the analysis, the ALJ found that Plaintiff had osteoarthritis of his right knee, obesity and a back disorder (T. at 17).  He found these impairments to be severe within the meaning of the Regulations, but not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4., (listings 1.02A (Joint Dysfunction Disorders); 1.03 (Reconstructive Joint Surgery), and 1.04 (Spinal Disorders) (T. at 17)).  At steps four and five, the ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary work."[3]  The ALJ further determined that Plaintiff is able to return to his past relevant work as a telemarketer as he previously performed it, and as it is generally performed in the national economy (T. at 20).

---

claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

[3]Sedentary Work involves lifting no more than ten pounds and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a).

    A.   <u>Medical evidence in the record supports the ALJ's finding that Plaintiff is not disabled.</u>

The plaintiff contends that the medical evidence in the record supports a finding of disability.  However, the ALJ's conclusion that the Plaintiff is not disabled is amply supported by the medical evidence in the record.  The ALJ concluded that the Plaintiff "is limited to sedentary work because he cannot walk, stand or operate controls as required in the performance of light work," and furthermore that "[t]he objective medical evidence does not support a finding that the claimant is more severely limited than stated above (T. at 20)." The ALJ found that plaintiff was indeed functioning at a level sufficient to maintain an exertional level which permitted him to work at a job consistent with his residual functional capacity. <u>Id</u>.

In making his finding, the ALJ cited the opinions and records of both the treating physician, Dr. Hedge, and the consultative physician, Dr. Dina.  The medical records created by these physicians support the finding of the ALJ.  Despite the diagnosis and treatment of several fairly severe physical ailments, the medical records, as developed by these doctors, reveal that the plaintiff retained a high level of functionality (T. at 18-20).

The ALJ properly concluded, based on the evidentiary record in its entirety, that the claimant retained a residual functional capacity sufficient to perform the functional demands of sedentary exertional work, and therefore was not disabled within the meaning of the Act.

> B. The ALJ gave proper weight to the opinions of the plaintiff's treating physician and correctly assessed plaintiff's RFC.

Plaintiff claims that the ALJ incorrectly based his decision on an incomplete record because he did not obtain a residual functional capacity assessment (RFC) from the plaintiff's treating physician, Dr. Hedge. (Pl. Br. At 19).

At step four of the five-step process, the ALJ considered plaintiff's RFC to determine whether he could perform any of his past relevant work. 20 C.F.R. §§ 404.1520(e),(f) and 416.920(e),(f). Responsibility for determining the claimant's RFC rests exclusively with the ALJ. 20 C.F.R. §§ 404.1527(e), 404.1546, 416.927(e); SSR 96-5(p). Contrary to plaintiff's assertion, the ALJ was not required to obtain an RFC assessment from Dr. Hedge. The ALJ considered Dr. Hedge's opinions as well as Dr. Dina's. (T. at 18-20). Having evaluated both of those opinions, the ALJ concluded that the plaintiff retained the RFC for sedentary work, "involving lifting and carrying of ten pounds occasionally, two to three pounds

frequently . . . ." (T. at 20). It is well established that the consultative physician's assessment (Dr. Dina) may serve as substantial evidence in support of the ALJ's decision. <u>Mongeur v. Heckler</u>, 722 F.2d 1033, 1039 (2d Cir. 1983) (citing <u>Miles v. Harris</u>, 645 F.2d 122, 124 (2d Cir. 1981). Moreover, Dr. Hedge's RFC assessment was submitted to the Appeals Council in May 2005, which was subsequent to the ALJ's decision. (See Record 22, 141). Even with the benefit of that information, the Appeals Council affirmed the ALJ's RFC assessment. The weight to be given to Dr. Hedge's opinion together with the other medical evidence was clearly within the discretion of the ALJ whose ultimate decision was supported by substantial evidence in the record.

    C.   <u>The ALJ properly discounted the testimony of plaintiff's subjective complaints</u>.

Plaintiff argues that the ALJ's finding that plaintiff's subjective complaints were not ". . . fully credible with regard to the limitations imposed by his impairments" was not supported by substantial evidence. I find that the medical evidence that was properly before the ALJ supported his findings. This evidence included the medical record and the plaintiff's testimony. The statements of an individual claiming disability must be carefully considered to the extent that they are consistent with the objective medical evidence in

the record.  Social Security Ruling 96-7p.  The ALJ properly found that the objective medical evidence in the record did not support the level of the limitations and disability claimed by the plaintiff.  (T. at 19).

Substantial evidence in the record supports the ALJ's finding that plaintiff could return to his past relevant work as a telemarketer "as previously performed and as generally performed in the national economy."  (T. at 20).

I conclude that the ALJ properly construed plaintiff's testimony in light of the evidence in the record and sufficiently explained his finding that the plaintiff's subjective complaints were not fully credible with regard to the limitations imposed by his impairments.

### III. **The ALJ's reliance upon SSR 00-3p instead of the superseding Ruling 02-01p, did not prejudice the plaintiff.**

The plaintiff claims that the ALJ's failure to apply superseding Social Security Ruling 02-01p constituted error since the superseding ruling lowered the threshold for a finding of disability which favored his case and, therefore, he is entitled to a reversal.

The pertinent provision of these rulings relates to step three of the disability analysis.  At step three, a claimant's impairments are evaluated to determine whether they are severe enough to be expected to last for at least 12 months and that

they meet or medically equal the listed impairments contained in the Appendix I, Subpart P, Regulation 4. There is no listing for obesity, but an obese individual meets the requirements of a listing if he has "another impairment that, by itself, meets the requirements of a listing," or if the claimant's obesity, in combination with another impairment, meets the requirements of a listing. SSR 02-1p at 5. This analysis is identical under either SSR 00-3p or superseding ruling SSR 02-01p.

The plaintiff misinterprets the explanatory examples listed in the superseding ruling to support his argument that the burden for establishing a severe impairment under the obesity rubric is lessened by superseding SSR 02-01p. The explanatory statements do not relate to a revision in the decision making process for obesity, but rather reflect a change in the decision making process for mental disorders. Thus, there is no change in the application of the superseding regulation for making disability determinations in relation to obesity.

The record reveals that the ALJ did consider plaintiff's obesity in combination with his other impairments at step three of the evaluation process. (T. at 17). The ALJ noted that, although the plaintiff weighed over 350 pounds, he had full range of motion in his lower extremities. (T. at 94). Dr. Dina

reported, during his examination, that plaintiff's lumbar, thoracic, and cervical spine as well as his upper extremities had full range of motion. (T. at 93). Plaintiff was able to independently get on and off the examination table without assistance and rose from a seated position without difficulty. (T. at 93). In requesting review of the ALJ's decision to the Appeals Council, plaintiff claimed that the ALJ failed to properly evaluate his obesity "by failing to obtain accurate measurement of [his] weight . . . which was greater than 350 pounds." Plaintiff submitted supplemental information, in affidavit form, that he was "substantially in excess of 350 pounds" which should have been taken into consideration in determining his disability. (T. at 134, 135). Notwithstanding that additional information, the Appeals Council affirmed the ALJ's decision. (T. at 5).

The ALJ properly applied step three of the disability determination process despite his erroneous reliance on the SSR 00-3p which was superseded by SSR 02-01p. This mistake did not prejudice the plaintiff because both rulings require the ALJ to consider a claimant's obesity in combination with his other impairments in making his step three determination. The plaintiff's claim that his burden was lessened under the superseding ruling is without merit.

CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 20, 2007